IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MC WILLIAMS** <br> **AIS 205594** <br><br> **Plaintiff,** <br><br> v. <br><br> **STATE OF ALABAMA, et al.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Action No. 2:05-CV-638-F** <br> ) <br> ) <br> ) <br> ) <br> ) |

## SPECIAL REPORT

COMES NOW the defendant, Warden Arnold Holt, by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in response to this Honorable Court's Order dated August 5, 2005, hereby submits the following Special Report:

### PARTIES

1. Plaintiff MC Williams is an Alabama Department of Corrections (ADOC) inmate currently housed at Bullock Correctional Facility (BCF).

2. Defendant Arnold Holt is currently employed as a Correctional Warden III with ADOC at BCF.

### ALLEGATIONS

Plaintiff alleges on April 6, 2005 at 2:00 a.m., he was attacked by inmate Michael Thomas with a box cutter while he was asleep. He states no officer was in the dorm and only two officers were present to watch four bay dorms. He further alleges he was not allowed to file criminal assault charges against inmate Thomas and no investigation was

other officers to respond to cubicle four. Officers Cedric Smith and Robbie Ellis responded at 1:38 a.m. (Ex. 1, Pg. 4). At 1:40 a.m. Officer Robert Washington responded and escorted plaintiff inmate to the infirmary. (Ex. 1, Pg. 4)

At approximately 1:40 a.m. Nurse Jane Cawthorne completed a body chart on the plaintiff and consulted with the on-call physician. (Ex. 1, Pg. 4) Approximately at 2:13 a.m. Emergency Medical Technicians Johnny Massey and John Helms entered the infirmary and escorted Williams to Bullock County Hospital at 2:16 a.m. with Officer Paul Phillips following in Chase Vehicle # 2040. (Ex. 1, Pg. 4)

At approximately 1:43 a.m. Officer Ellis escorted inmate Michael Thomas to the shift commander's office. (Ex. 1, Pg. 5) Sergeant Smith questioned inmate Thomas who admitted to assaulting inmate Williams because he thought Williams was masturbating on him while he showered. (Ex. 1, Pg. 5) A body chart was completed on inmate Thomas.

On April 7, 2005 inmate Michael Thomas was charged with violating Rule 31 from Regulation 403 for assaulting another inmate. (Ex. 1, Pg. 9) He pled guilty and was confined to segregation for 45 days and lost store, visitation and phone privileges for 30 days. (Ex. 1, Pg. 10) Inmate Thomas was transferred to Ventress Correctional Facility on May 26, 2005. (Ex. 1, Pg. 17) No weapon was found to be involved in the assault. (Ex. 1, Pg. 2)

The duty roster shows that three officers were assigned to the area covered by cubicle four, the cubicle officer and two other officers. (Ex. 1, Pg. 19) As soon as the plaintiff was discovered after the assault, Officer McClain, Sergeant Cedric Smith, Officer Robert Ellis and Officer Mark Wilson responded. (Ex. 1, Pg. 4)

Plaintiff Williams is free to inform Investigations and Intelligence of the assault perpetrated against him. Warden Holt has no recollection of the plaintiff asking that criminal charges be filed against inmate Thomas. (Ex. 1, Pg. 2)

## ARGUMENT

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett*, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. *Id.* This case is ripe for summary judgment because Williams cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendant is entitled to judgment as a matter of law.

**I. Williams has failed to state an Eighth Amendment claim because he did not put the defendant on notice he was at risk of attack.**

For a prison official to be liable for failing to protect an inmate from assault by another inmate, the prison official must be aware of a risk of such injury and be deliberately indifferent to its occurrence. *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990); *Farmer v. Brennan*, 511 U.S. 825, (1994). The prison official must be aware of more than a hypothetical risk of a prisoner being assaulted; the risk must be substantial and particular to the complaining inmate. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). In this case, the defendant was not put on notice that Williams was at risk of being assaulted. As Williams did not in any way inform the defendant of a risk of injury at the hands of inmate Thomas, the defendant had no knowledge

4

the two inmates were a risk to fight and thus could not have been deliberately indifferent to Williams's welfare.

Indeed, Williams does not even allege that the defendant knew of any specific risk he would be injured. In fact, it appears Williams did not have advance notice he was at risk himself, as the assault on him occurred while he slept after Williams allegedly masturbated on Thomas in the shower. As this allegation was not communicated to Warden Holt, he had no reason to suspect Williams would harass Thomas, nor that violence would erupt as a result.

## II. The defendant is immune from suit

The defendant is entitled to judgment from the plaintiff's claims based on qualified and absolute immunity. To the extent the defendant is sued in his individual capacity, he is entitled to qualified immunity. Qualified immunity "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998). Choices concerning placement of inmates inside of a prison are discretionary, and the placement of two inmates in the same population, without any notice of a risk of violence between the two, violated no clearly established law. In addition, the Warden can not be held liable under the theory of respondeat superior. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). Thus, the defendant is entitled to summary judgment.

To the extent the defendant is sued in his official capacity, this suit is barred by the 11th Amendment to the United States Constitution, which states, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state,

5

but it also bars suits against a state by that state's own citizens. *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347; *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890); See also Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity). A claim against state officials in their official capacity is a suit against the State. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such the defendant is entitled to summary judgment.

## CONCLUSION

Based on the foregoing, the defendant respectfully requests this Court enter summary judgment in his favor.

Respectfully Submitted,
Troy King, Attorney General

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that I have on this the day 28th day of October, 2005, electronically filed the foregoing with the Clerk of the Court using CM/ECF system and served a copy of the same by the United States Mail, postage prepaid, and properly addressed as follows:

MC Williams, AIS #205594
Bullock Correctional Facility
PO Box 5107
Union Springs, AL 36089

/s/ Jeffery H. Long
Of Counsel

Address of Counsel:
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7555