IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

M.C. WILLIAMS, #205 594            *

    Plaintiff,            *

        v.            *            2:05-CV-638-MEF
                                                  (WO)

WARDEN ARNOLD HOLT            *

    Defendant.            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, M.C. Williams ["Williams"], filed this damages action on July 8, 2005 pursuant to the provisions of 42 U.S.C. § 1983. Williams alleges a violation of his constitutional rights as a result of being assaulted by another inmate. He also challenges his inability to file criminal charges against his assailant. Warden Arnold Holt is the sole defendant in this cause of action.[1]

Defendant Holt filed a special report and supporting evidentiary materials refuting Williams' claims for relief. In accordance with the instructions contained in the court's order entered on October 28, 2005 (Doc. No. 14), the court deems it appropriate to treat this report as a motion for summary judgment. Thus, this case is now pending on Defendant Holt's motion for summary judgment. Upon consideration of the motion, the evidentiary materials

---

[1] Plaintiff also originally named as defendants to the instant matter the State of Alabama and the Bullock Correctional Facility. By order entered August 8, 2005 these defendants were dismissed as parties to the complaint. (*See* Doc. No. 9.)

filed in support thereof, and Williams' opposition to the motion (Doc. No.15), the court concludes that Defendant Holt's motion for summary judgment is due to be granted.

## I. BACKGROUND

Williams is confined at the Bullock Correctional Facility and was so confined at the time the actions about which he complains occurred. According to the allegations contained in the complaint, at approximately 2:00 a.m. on April 6, 2005, an inmate attacked Williams as he lay sleeping by cutting his face with a "box cutter type knife." Williams asserts that there was no correctional officer in the dorm at the time of the assault due to a lack of adequate security in the area where the incident took place. Williams alleges that Defendant Holt refused to let him file criminal charges against his assailant - inmate Michael Thomas - and allowed inmate Thomas to be transferred to another institution without imposing any punishment or sanctions on him as a result of his assaultive conduct. (Doc. No. 1.)

Williams contends that his constitutional rights were violated by Defendant Holt's failure to ensure adequate security in his dormitory which he essentially claims created an opportunity for him to be attacked by another inmate. Williams further asserts that Defendant Holt refused to allow him to file a criminal assault warrant against inmate Thomas. Williams requests damages for pain and suffering caused by the injuries he sustained in the April 6, 2005 incident. (Doc. No. 1.)

## II. STANDARD OF REVIEW

To survive the properly supported motion for summary judgment filed by Defendant Holt, Williams is required to produce some evidence which would be admissible at trial

supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Williams v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing adequate to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is, therefore, appropriate when the

pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Williams has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

*A. Failure to Protect*

To the extent Williams complains that Defendant Holt failed to protect him from attack by another inmate, he is entitled to no relief. Prison officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is

4

subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*), *quoting Farmer*, 511 U.S. at 844. "The known risk of injury must be a 'strong likelihood, rather than a mere possibility' before a guard's failure to act constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted); *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997) (unless a prison official actually makes the inference that a substantial risk of serious harm exists, he does not act with deliberate indifference even where his actions violate prison regulations or can be described as stupid or lazy). An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth,* 944 F.2d 344, 349 (7th Cir. 1991); *overruled in part on other grounds by Farmer*, 511 U.S. 825. An "official's failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Farmer,* 511 U.S. at 838.

Based on the foregoing, to survive summary judgment on his failure to protect claim, Williams must present "sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendant must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison

5

>official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

The evidence filed in this matter reflects that inmate Thomas assaulted Williams because he thought Williams had masturbated on him while they were taking their showers. Upon being questioned by correctional officers shortly after the altercation occurred, inmate Thomas admitted to assaulting Williams. He entered a plea of guilty at his April 9, 2005 disciplinary hearing held as a result of the charge he received for assault on another inmate. The sanctions imposed on inmate Thomas as a result of his assaultive behavior included 30 days loss of privileges and assignment to segregation for 45 days. Inmate Thomas was subsequently transferred to another correctional institution. (Doc. No. 13, Exh. 1.)

The evidentiary materials submitted by Defendant Holt refute Williams' conclusory allegation that prison personnel at Bullock Correctional Facility acted with deliberate indifference to his safety. Williams has produced no evidence that Defendant Holt, or any other correctional officer for that matter, had any knowledge or reason to believe that inmate Thomas would assault Williams.

The record is completely devoid of evidence that Defendant Holt had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Williams, that he actually drew this inference, and, thereafter, ignored the known risk. There is no allegation much less indication by Williams that Defendant Holt had knowledge that Williams was at risk of harm from inmate Thomas. Williams has, therefore, failed to

establish the requisite element of subjective awareness on the part of Defendant Holt. *Carter*, 352 F.3d at 1350. Since the record fails to demonstrate that the incident between Williams and inmate Thomas occurred due to any deliberate indifference or reckless disregard by Defendant Holt, summary judgment is due to be granted in his favor on the failure to protect claim. *See Celotex Corp*. 477 U.S. at 322.

*B. Lack of Security/Respondeat Superior*

Williams alleges that Defendant Holt, as Warden of the Bullock Correctional Facility, is responsible for the safety of all inmates at the Bullock Correctional Facility. According to Williams, Defendant Holt was responsible for the alleged lack of security in his dormitory the evening of April 6, 2005 which provided inmate Thomas with the opportunity to attack him.

Supervisory personnel cannot be held liable under § 1983 for the actions of their subordinates under a theory of *respondeat superior*. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla*., 402 F.3d 1092, 1116 (11th Cir. 2005); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993). Liability, however, may be imposed if a plaintiff shows a defendant either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights. *Dolihite v. Maughon,* 74 F.3d 1027, 1052 (11th Cir. 1996). The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged

constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999.

Here, the court finds that Williams has failed to present any support for his allegations. Specifically, Plaintiff offers no evidence that Defendant Holt had any personal involvement in the incident about which he complains. Moreover, Williams does not offer any evidence to counter Defendant Holt's' affidavit and supporting evidentiary material which reflects that several correctional officers were on duty at the time of the incident in question, that these officers were located within the area of the attack, and that they promptly responded. (Doc. No. 13, Exh. 1.) Thus, the court finds nothing in the record to establish the requisite causal connection between Defendant Holt and the alleged constitutional deprivation. Accordingly, the court finds that summary judgment is due to be granted in Defendant Holt's favor on Plaintiff's *respondeat superior* and inadequate security claims. *See Dolohite*, 74 F.3d at 1052. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, at 365 (4th Cir.1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56.").

C. *Criminal Charges/Access to Courts*

Williams complains that Defendant Holt refused to allow him to file a criminal complaint against inmate Thomas. In his opposition, Williams expands on this claim by alleging that Defendant Holt's conduct in this regard denied him access to the courts.

With regard to his claim that Defendant Holt violated his constitutional rights by not allowing him to file a criminal complaint against inmate Thomas, Williams is entitled to no relief. Williams does not have a constitutional right to see his persecutor punished for his conduct, nor, as a private citizen, can he commence criminal proceedings on his own. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83 (1981) (same); *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private citizens have no right to institute criminal prosecutions in federal court); *United States v. Panza*, 381 F. Supp 1133 (W.D. Pa. 1974) (same). The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Such decision is not generally subject to judicial review. *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977). Consequently, Defendant Holt's dispositive motion is due to be granted on Williams' complaint that he was unconstitutionally impeded and/or restricted in his ability to initiate criminal charges against inmate Thomas.

With regard to Williams' allegation that Defendant Holt denied him access to the courts by failing to assist him in his quest to obtain a criminal complaint warrant against inmate Thomas including denying his request for a transfer to the Bullock County Circuit

9

Court for purposes of obtaining a criminal complaint warrant, or alternatively, failing to allow legal officials to bring this document to Williams at the prison facility, such claim is due to dismissed. The law is well established that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith*, 430 U.S. 817 (1977), *Younger v. Gilmore*, 404 U.S. 15 (1971). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court concluded, however, that actual injury is required to state a claim for denial of access to the courts. *Id.* at 351-52. Such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Id.* at 353. The *Lewis* Court disclaimed any expansions of the right of access to the court which suggested "that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354.

Because the court has determined that Williams has no judicially cognizable interest in the prosecution or non-prosecution of another, applying *Lewis* to the facts of this case, the undersigned finds that Williams has failed to state a claim because he has not alleged that he was impeded in the pursuit of a non-frivolous legal claim. *Id.* Williams' access to court claim is, therefore, due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant' motion for summary judgment (Doc. No. 13) be GRANTED;

2. Plaintiff's access to court claim be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Judgment be ENTERED in favor of Defendant and against Plaintiff;

4. This case be DISMISSED with prejudice; and

5. Costs of the proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **July 5, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of June 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE